[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de 1. PLAINTIFF'S MOTION TO REOPEN AND MODIFYJUDGMENT (#138) 2. PLAINTIFF'S MOTION TO DISPENSE WITH FUNDINGCHILDREN'S COLLEGE FUND (#143) 3. DEFENDANT'S MOTION FOR INCREASEDALIMONY PAYMENTS POST JUDGMENT (#142.01)
The parties' marriage was dissolved by judgment (#121) entered October 20, 1994 at which time a separation agreement (#116) was found to be fair and equitable and it was incorporated in the judgment by reference.
This is the first post judgment effort to modify the periodic orders and the status of the college fund.
The agreement provided for the plaintiff to pay $8,000.00 monthly as unallocated alimony and support, i.e. child support for three minor children.
Both parties are physicians. The plaintiff's financial affidavit submitted at the final hearing (#117) listed a gross monthly salary of $20,000.00 and net monthly of $14,297.00 together with bonuses of $127,415 for 1994 to the date of said hearing and, after taxes, a net of $108,340.00 excluding a pay back of $20,000.00 "1993 bonus over-payment."
At the final hearing the defendant's financial affidavit (#118) listed a gross monthly salary of $2,583.00 and net after taxes of $1,587.00.
Currently, the plaintiff lists monthly income from two sources totaling $36,488.00 and, after taxes and medical insurance, a net monthly of $25,194.00. The defendant currently lists monthly earned income, including interest, of $8,028.00 and, after taxes and medical insurance, a net monthly of $4,478.00. The defendant also lists the alimony. It is noted that the defendant works part-time since she drops the children off at 9:00 a.m. and then picks them up at 3:00 p. m. Several times during the school year early release occurs at 1:25 p. m.
Article III, Alimony and Support, paragraph 3.1 provides:
 "Commencing on the first day of November, 1994 and on the first day of each calendar month thereafter in advance, in accordance CT Page 5667 with the provisions herein, the Husband during his lifetime shall pay to the Wife, until her death or remarriage but in no event after December 2001, inclusive, the sum of $8,000.00 per month as unallocated alimony and support. The Wife shall not be entitled to request additional alimony from the Husband until he shall have gross earned income exceeding $440,000 per annum and the decree dissolving the marriage of the parties shall not permit the Wife to request an upward modification until at least said time. Nothing herein shall be construed from preventing the Husband from defending any request for an upward modification thereafter."
The plaintiff admitted he earned an income from his P.C. of $500,508.35 in 1995. The condition precedent quoted above has been satisfied. This ruling was made from the bench.
The plaintiff's income as presented at the final hearing on an annualized basis, totaled $367,415. He admitted earning $441,877.00 for 1994 (Transcript, p. 49). The defendant's gross income for 1994 was $94,242.00. (Plaintiff's Exhibit #1). Currently, her annual income is $96,336.00.
The court has also been motioned by the plaintiff to dispense with further funding of the college fund, provided by Article I, paragraph 5.2, requiring the plaintiff to pay annually 5% of his earned income exceeding $240,000 to a maximum $10,000.00. The court cannot forecast the future and the record will not support the motion which is denied.
The court does not find that a substantial change has occurred in the circumstances of either party to justify modification. Both motions to modify are denied.
HARRIGAN, J.